James J. ENGLISH, as Trustee in Bankruptcy of the Estate of Russell E. Lowell, Inc., Appellant,

v.

UNIVERSAL CIT CREDIT CORPORATION, Appellee.

No. 18013.

United States Court of Appeals
Fifth Circuit.

May 17, 1960.

B. F. Paty, Jr., Andrew F. O'Connell, Paty & Downey, West Palm Beach, Fla., for appellant.

James A. Dixon, Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, Fla., for appellee.

HUTCHESON, Circuit Judge.

This is an appeal from a judgment in favor of defendant, refusing plaintiff's demand to set aside a transfer as a voidable preference within the meaning of Section 60 of the Federal Bankruptcy Act, 11 U.S.C.A. § 96.

In his complaint plaintiff alleged: that he was Trustee in Bankruptcy of the Estate of Russell E. Lowell, Inc., a Florida corporation; that a petition in involuntary bankruptcy was filed against it on April 30, 1958; and that on October 23, 1958, it was adjudicated a bankrupt. The complaint further alleged: that on February 21, 1958, within four months from the filing of the petition in bankruptcy, the bankrupt delivered all of its assets except accounts receivable to defendant; and that said transfer constituted a voidable preference within the meaning of the Bankruptcy Act.

In its answer defendant admitted the bankruptcy proceedings as alleged in the

complaint, and further alleged: that defendant and Russell E. Lowell, Inc., hereafter called Lowell, Inc., had prior to February, 1958, entered into trust transactions with respect to numerous automobiles; that in February, 1958, defendant learned that Lowell, Inc. had sold automobiles in its possession and under trust receipts to defendant, securing indebtedness in excess of $19,000.00, and within ten days after acquiring such knowledge defendant made demand for a prompt accounting of the proceeds of such sale and for the value of such proceeds; and that by virtue of Chapter 673.10, F.S.A., defendant became entitled to a secured claim by way of lien upon the assets of Lowell, Inc., which is superior to the rights of plaintiff. The answer further alleged: that the property received by defendant from Lowell, Inc., as alleged in the complaint, had a fair market value of substantially less than $19,000.00. By its answer defendant also claimed a landlord's lien upon the general assets of Lowell, Inc. and that said lien is superior to any rights of plaintiff.

Here, insisting that the district judge erred in finding and holding that defendant had a lien upon the general assets of the bankrupt by virtue of Sec. 10 of the Uniform Trust Receipts Act, F.S.A. § 673.10, appellant, puts his trust in the opinion of the Court of Appeals for the Seventh Circuit, In re Crosstown Motors, Inc., 272 F.2d 224. Decided since the decision below in this case, it construed the Uniform Trust Receipts Act, as adopted by the Illinois Legislature in 1935, S.H.A.Ill. ch. 121½, § 166 et seq., as not creating a lien but merely establishing under appropriate circumstances a state created priority. Vigorously attacking the district judge's construction and application of the Florida Statute, on which defendant-appellee relied, he urges upon us, under his points Nos. 1, 2, and 3,[2] that he is entitled to judgment against defendant as a matter of law.

Agreeing with the appellant, that the facts of the case are not in dispute, and that the record does present the questions argued by appellant under points one and three of his brief, appellee insists that, for the reasons set out in the margin,[3] the record does not present as an issue for decision here appellant's point No. 2.

---

2. "Point I. Chapter 673.10 F.S.A. does not entitle defendant to a lien or priority superior to the rights of a trustee in bankruptcy upon the general assets of the bankrupt because state-created priorities are void under Section 64 of the Bankruptcy Act and State-created liens are subject to expenses of the bankruptcy proceedings as set forth in Section 64a (1) and (2) and Section 67c(2) of the Bankruptcy Act [11 U.S.C.A. §§ 104, sub. a(1, 2), 107, sub. c(2)]."

"Point II. The terms of the trust receipts in question are not alleged in the pleadings nor shown by the evidence; Therefore, the entruster (defendant) is not entitled to the benefits of Section 673.10 F.S.A.

"Point III. The proceeds from the sale of the entrusted property were received by the trustee more than ten days prior to an application for the appointment of a receiver or of the filing of a petition in bankruptcy or judicial insolvency by or against the trustee or demand made by the entruster for the prompt accounting, and therefore the entruster is not entitled to a priority to unidentifiable proceeds."

3. "We believe that it would be well to consider appellant's point II first and get it out of the way, so that we can get to the nub of the case.

"Either the bankrupt (called the trustee in the Uniform Trust Receipts Act) had leave to sell or he did not. If he did have leave to sell, he was to account for the proceeds of the sale, up to the debt secured by the trust receipt.

"The bankrupt was an automobile dealer. His business was selling cars, not warehousing them. His liability to account is shown by the conduct of the parties. Mr. Hicks, the District Manager of the finance company, made periodical checks to determine whether cars under trust receipts were on the dealer's premises. As soon as he discovered some were missing, he demanded an accounting. The bankrupt accounted for a portion of the proceeds of cars sold out of trust.

"Any other conclusion renders the purpose of the transactions and the conduct of the parties nonsensical."

752

Insisting that Judge Miller's scholarly decision in In re Harpeth Motors, Inc., D.C., 135 F.Supp. 863, on which the district judge relied in deciding for appellee, was correct, appellee cites and quotes from Law Review Articles,[4] which have approved its reasoning and, by careful and thoughtful argumentation of its own, undertakes to support the views that case announces. In addition, it puts forward what it regards as good and sufficient reasons for not accepting as correct for Florida and the other states which have adopted the Uniform Trust Receipts Act, the construction given to the Illinois Act in the Crosstown Motors case.

■ We agree with appellee's view that appellant's point 2, which seeks to present for the first time here the question whether the trust receipts, upon which defendant-appellee acted, were in terms and conditions the trust receipts provided for in the Florida Trust Receipts Act, is an attempt to inject into the case an issue of fact not made, but conceded, below, and that the case having been tried on that theory, it is too late now to change it. Associated Indemnity Corp. v. Scott, 5 Cir., 103 F.2d 203, at page 209.

As to appellant's point 1, upon a thorough consideration of the purpose and objects of the Uniform Trust Receipts Act, of the history of its adoption from time to time without change in the several states, and of the available decisions and legal articles [5] dealing with the question, we find the district judge's construction and application of the Florida Trust Receipts Act on the record in this case greatly interesting. We recognize, however, the great difficulties in the way, in the present state of the authorities, of reaching a firm and at the same time correct conclusion, and, *since we have concluded that appellee's third point is clearly correct and that it is fatal to appellee's judgment,* we shall pass the first point to state as briefly and concisely as we may the reasons for this conclusion.

The district judge found that the defendant was entitled to a judgment under the provisions of Sec. 673.10(b) F.S.A. This section provides:

"* * * the entruster shall be entitled * * *

"(b) to any proceeds or the value of any proceeds, whether such proceeds are identifiable or not, of the goods, documents or instruments, *if said proceeds were received by the trustee within ten days prior to * * * ."* (Emphasis supplied.)

■ Defendant's answer did not allege, its proof did not establish the fact essential to the relief accorded by this section, that the "proceeds or the value of any proceeds" which it had taken and sought to hold were received by the trustee within the critical ten day period the statute fixed. Its proof on the question of demand for an accounting was only that required under Subsection (c) for the recovery of identifiable goods, that demand for accounting was made within ten days after a portion of the entrusted goods disappeared from the premises of the bankrupt. As a matter of fact, it was conclusively established that the proceeds from the sales of the entrusted automobiles had been received by the trustee months prior to the demand made for an accounting and, used in his operations, had been long since dissipated.

This being so, the defendant's position, which the district judge sustained, that it was entitled under the statute to a lien upon the general assets of the bankrupt if it made demand for an accounting within ten days after the entrusted goods were not found on the premises of the trustee, cannot be main-

---

4. 34 Chicago-Kent Law Review, p. 294; 69 Harvard Law Review, p. 1343; 66 Yale Law Journal, p. 922.

5. Including the thorough going and exhaustive comment "On Uniform Trust Receipts Act, Sec. 10(6)" and on the Crosstown Motors case, 272 F.2d 227, New York Law Review, April, 1960.

tained. The statute does not so provide. It has not been interpreted to that effect. In the Matter of Harpeth Motors, Inc., supra, on which case the defendant and the district judge in this case relied in rejecting appellant's point one, that Chapt. 673.10, F.S.A. does not confer a lien in respect of the point in question here, the district judge specifically held:

"On the contrary, the language of the section is that the rights may be preserved either by making a timely demand for an accounting *within ten days from the receipt of proceeds* or by the intervention within that period of bankruptcy, receivership, or insolvency proceedings. \* \* \* *If the demand is not made as required by subsection (b) of Section 10, the right of the entruster to receive the value of proceeds which cannot be identified is extinguished.*

"*However, under subsection (c) the entruster would still have the right to receive any profits he was able to identify, provided that he makes a demand for an accounting within ten days after he acquires actual knowledge that such proceeds exist.*" (Emphasis supplied.)

As the rights of the entruster in that case were governed by subsection (b) of Section 10, the court allowed the security claim as to three of the automobiles, as to which the demand was made within ten days after the bankrupt received the proceeds from their sale and denied it as to the others. Commercial Union Bank of Nashville v. Alexander, Tenn.App., 312 S.W.2d 611, 612, involved the same question of the necessity of a timely demand for accounting. The court there allowed certain liens of the entruster where the demand was made within ten days after the receipt of the proceeds, but denied the liens on unidentifiable proceeds from the sale of two cars which had been received by the trustee more than ten days prior to the demand.

In this case, though, subsection (b) relied on plainly fixes ten days from receipt of the proceeds as the critical time, and says nothing whatever about knowledge of the entruster, the district judge erroneously in effect held, and the appellee erroneously in effect argues, that the language of subsection (b) fixing the critical time for demand at ten days *after receipt of proceeds*, should be entirely disregarded; and that the time provided for demand under subsection (c), dealing with identifiable proceeds, from the time of the knowledge by the entruster of the existence of proceeds, should be substituted therefor as the critical time.

We cannot agree with these views, and the judgment must, therefore, be Reversed and the cause Remanded for further and not inconsistent proceedings.