COMMERCIAL CREDIT CORPORATION *v.* HOFF, RECEIVER, JAMESON-BARNSLEY CO., INC.

[No. 251, September Term, 1961.]

534

*Decided May 8, 1962.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HORNEY, MARBURY and SYBERT, JJ.

*William B. Dulany* and *Charles D. Winter* for appellant.

*Stanford Hoff*, with whom were *Sponseller & Hoff* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

For some years prior to September, 1960 the Jameson-Barnsley Company, Incorporated (company or dealer), was engaged in the automobile business in Westminster, Maryland. In 1960 it was found that the company had suffered serious financial losses and was unable to meet its obligations. On September 19, 1960, the Circuit Court for Carroll County assumed jurisdiction and appointed the appellee, Stanford Hoff, receiver. The appellant, Commercial Credit Corporation, had been in the business of financing, at wholesale, automobiles for the dealer primarily by the use of trust receipts, pursuant to Code (1957), Article 95½, *Trust Receipts*.

At the time of the appointment of the receiver, or shortly thereafter, it was discovered that the company had sold eight vehicles upon which appellant held trust receipts and that, except for a credit of $2500.00, no payments had been made to appellant upon these vehicles. The parties are in agreement that the appellant had complied with the Uniform Trust Receipts Act with reference to the execution of a trust receipt financing agreement and the filing of a statement of financing with the State Department of Assessments and Taxation, and further that the company gave to the appellant a power of attorney authorizing "any officer or employee" of appellant to execute the trust receipts on behalf of the company and that the signatures on each trust receipt were those of qualified persons. Also it was agreed that in every instance copies of the trust receipts prepared by appellant were promptly sent to the company.

On August 24, 1960, the company executed and delivered to Chrysler Corporation an "Assignment" from the company to the appellant of "all sums of money or credits now due or which hereafter may become due to Undersigned from Chrysler Motors Corporation, or any of its associated, affiliated and subsidiary companies * * *."

Promptly after his appointment the appellee notified Chrysler, and its several divisions, of his appointment as receiver for the company, but Chrysler, acting under the assignment, paid to appellant out of the credits due to the company varying amounts, which totalled $11,291.83. The parties on this appeal agreed that of this amount, $7,549.21 represented payments for parts and tools returned by the receiver to Chrysler under the provisions of an existing dealer contract between the company and Chrysler and that this amount should be paid to the appellee.

The appellant filed two claims in the receivership proceedings: Claim No. I—Secured Creditor—as entruster from the company (as trustee under Article 95½) arising out of certain listed trust receipt transactions covering motor vehicles in the total sum of $20,955.75; and Claim No. II—General Creditor—in the total sum of $8,657.35.

The matter of these claims was submitted to the court below upon the pleadings, exhibits, and stipulation of counsel, and the action thereon and order passed by the chancellor form the basis for this appeal. After a careful review of the record and consideration of the briefs and oral argument, it is manifest that the chancellor was clearly in error in some of his rulings upon the claims and that those rulings must be reversed. It would unduly prolong this opinion and serve no useful purpose to discuss at length his determinations with reference to the individual items contained in either claim, so that we will give our view as to what his rulings should have been in remanding the case for the passage of an appropriate order.

### Claim No. I—Secured Creditor

By stipulation of counsel it was agreed that this original claim in the amount of $20,955.75 should be reduced by $5,000.00 as the result of a credit received by the appellant

from a third party since the filing of the claim, leaving a balance of $15,955.75. The disposition of this balance depends upon the status of trust receipts under the provisions of Article 95½, § 10 (b), which provides that the entruster has the right to the proceeds or the value of any proceeds (whether such proceeds are identifiable or not) of the sale of goods entrusted, if said proceeds were received by the trustee within ten days prior to either application for appointment of a receiver of the trustee, or the filing of judicial insolvency proceedings by or against the trustee; or demand made by the entruster for prompt accounting; and to a priority to the amount of such proceeds or value. It was stipulated by counsel that the appellant-entruster on September 23, 1960, mailed a letter by certified mail to the company-trustee demanding payment upon the trust receipts. However, of the eight vehicles involved the proceeds of sale of only three were received within the critical ten day period prior to September 19, the date of the appointment of the receiver. These were two Dodges, and one Simca, upon which the total amount due was $3,807.11, so that this amount is the extent of the appellant's secured or preferred claim upon the assets of the insolvent company now in the hands of the appellee-receiver, and leaves a balance on Claim No. 1 of $12,148.64, the total of the amounts due on the other vehicles, which should be included in Claim No. II as part of the appellant's general claim. *Commerce Union Bank of Nashville v. Alexander* (Tenn.), 312 S. W. 2d 611, 612; *English v. Universal CIT Credit Corp.*, 278 F. 2d 750, 752, 753.

## Claim No. II—General Creditor

The $12,148.64 not allowed as a preferred or secured claim should be allowed as a general unsecured claim. The parties have agreed that the first item of its Claim No. II, $690.00, the total of two unrecorded chattel mortgages, should be allowed. The second item of Claim No. II of $3,073.80 disputed by the appellee, for the deficiency between the amount secured on trust receipt transactions and the proceeds of sale of entrusted goods repossessed by the appellant as entruster and thereafter sold, was disallowed by the chancellor under Code

538

(1957), Article 83, *Sales and Notices,* §§ 141-144, upon the stipulation of counsel that no written notice was given by the appellant to the company or the receiver prior to the sale of said motor vehicles. We think he was correct in this ruling and the appellant in its brief and oral argument has apparently abandoned this item in this court. The third item of $110.59 of Claim No. II was withdrawn. The fourth item in this claim of $966.73, representing a bad check given by the company, was admitted by stipulation. The fifth item in Claim No. II of $3,816.13, representing finance charges due Commercial Credit Corporation, was reduced to $2,496.43 and admitted by stipulation of counsel to be due. By adding together the amount disallowed as a secured claim from Claim No. I, and the undisputed items of Claim No. II above mentioned, we arrive at a total of $16,301.80, which is the amount of appellant's general claim.

There remain for consideration the amounts which were paid by Chrysler to the appellant and now in its hands under the assignment to the appellant from the company dated August 24, 1960, some twenty-six days before the appointment of the receiver. These payments were in varying amounts, beginning December 19, 1960, and ending December 18, 1961, in the total sum of $11,291.83. Of this total the appellant admits that $7,549.21 represented parts and tools returned to Chrysler by the receiver and that this should be paid to the receiver. This leaves a remainder of $3,742.62, which is in dispute between the parties. We think the appellant's right to retain this amount is no more sustainable than its right to retain the money representing parts and tools returned. Under Code (1957), Article 47, *Insolvents,* § 14, a conveyance such as an assignment, creating a lien or preference by any person being insolvent or in contemplation of insolvency, shall be void when made without a monetary consideration within four months of an adjudication of insolvency. *Jas. Clark Co. v. Colton,* 91 Md. 195, 46 Atl. 386. Cf. *Applegarth v. Wagner,* 86 Md. 468, 38 Atl. 940. Consequently the full amount of the payments, totalling $11,291.83 should be paid by the appellant to the receiver to be included in the assets of the receivership.

The order of the chancellor must be reversed and the case remanded for the passage of an order in accordance with this opinion.

> *Order reversed and case remanded for the passage of an order in accordance with this opinion. Costs to be paid out of the receivership estate.*